IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                        No. CR 09-0766 JB

RONNIE CHRISTOPHER GARCIA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Suppress, filed August 14, 2009 (Doc. 25). The Court held an evidentiary hearing on September 8, 2009. The primary issue is whether Farmington, New Mexico Police Officer Erik Haanes had reasonable suspicion to believe that Defendant Ronnie Christopher Garcia had violated a traffic law when he conducted a traffic stop, and then seized a firearm and other items in the course of a search of the automobile that Garcia was driving. Because the Court finds that Haanes committed a mistake of law in his determination that Garcia was required to stop at or before the stop signs at the unmarked intersection, and because an officer's mistake of law does not support reasonable suspicion necessary to justify a traffic stop, the Court concludes the evidence found in the car which Garcia was driving and resulting from the traffic stop should be suppressed, and will thus grant the motion.

## FACTUAL BACKGROUND

Rule 12(d) of the Federal Rules of Criminal Procedure requires the Court to state its essential findings on the record when deciding a motion that involves factual issues. The findings of fact in this Memorandum Opinion and Order shall serve as the Court's essential findings for purposes of rule 12(d). The Court makes these findings under the authority of rule 104(a) of the Federal Rules

of Evidence, which requires a judge to decide preliminary questions relating to the admissibility of evidence, including the legality of a search or seizure and the voluntariness of an individual's confession or consent to search.  See United States v. Merritt, 695 F.2d 1263 (10th Cir. 1982), cert. denied, 461 U.S. 916 (1983).  In deciding such preliminary questions, the other rules of evidence, except those with respect to privileges, do not bind the Court.  See Fed. R. Evid. 104(a).  Thus, the Court may consider hearsay in ruling on a motion to suppress.  See United States v. Merritt, 695 F.2d at 1269.

1.      On October 26, 2008, at approximately 3:30 p.m., Haanes was on patrol in the area of South Silver Street and Pima Avenue in Farmington, New Mexico, when Garcia drove past him in a 2001 Hyundai Elantra.  See Officer Haanes' Statement of Probable Cause at 2 (dated October 26, 2008, filed August 14, 2009)(Doc. 25-2)("Haanes' St.").

2.      Haanes turned his marked patrol vehicle around, and followed Garcia north on South Silver Street to the intersection of South Silver and Ouray Avenue.  See Haanes' St. at 2.

3.      Garcia drove past the stop sign at South Silver and Ouray, and came to a stop past the stop sign with his vehicle's front end hanging into the intersection.  See Haanes' St. at 2.

4.      Garcia turned east onto Ouray Avenue, and at the intersection of Ouray and South Butler Avenue, Garcia again drove past the stop sign and came to a complete stop after the stop sign but before entering the intersection.  See Government's Exhibit 3, October 26, 2009 dash video of Officer Haanes' traffic stop of Garcia.

5.      When stopped at the intersection of Ouray and South Butler, another vehicle passed in front of Garcia on the road with the right of way, with no indication that Garcia's vehicle was blocking or in the intersection.  See Government's Exhibit 3, October 26, 2009 dash video of Officer Haanes' traffic stop of Garcia.

      6.      Haanes executed a traffic stop of Garcia's vehicle at the intersection of South Butler Avenue and East Willow Drive. See Haanes' St. at 2.

      7.      Haanes believed a traffic violation occurred when Garcia stopped his vehicle past the stop sign but before the intersection. See Transcript of New Mexico State Court Motion to Suppress Hearing Before Judge Thomas J. Hynes at 10 (taken January 9, 2009)(Doc. 25-3).

      8.      The stop signs at the intersections of South Silver and Ouray, and at Ouray and South Butler, do not have crosswalks or clearly marked stop lines. See Government's Exhibits 7B (photograph of intersection at Silver and Ouray facing North) and 8A (photograph of intersection at Ouray and South Butler facing East).

## PROCEDURAL BACKGROUND

On November 12, 2008, the Eleventh Judicial District Attorney's office filed an Information charging Garcia with offenses relating to the items seized in the search. A suppression hearing was held on January 9, 2009 in state district court before the Honorable Thomas Hynes, District Court Judge for the Eleventh Judicial District, State of New Mexico, who issued a preliminary ruling after viewing the dash-cam video that captured the second stop sign Garcia drove past. Judge Hynes found that the video showed that Garcia drove past the stop sign, but stopped before entering the intersection. See Response to Motion to Suppress at 4, filed August 31, 2009 (Doc. 27)("Response").

The State dismissed the state charges on January 13, 2009, and the matter was referred to the United States Attorney's Office in December 2008. At the time, the Eleventh Judicial District Attorney's Office did not make it known to the United States that the dash-cam video existed nor did it inform the United States that the state case had been dismissed after Judge Hynes' ruling. See id. On March 26, 2009, a federal grand jury returned a one-count indictment against Garcia,

charging him with being a felon in possession of a firearm. See Indictment at 1, filed March 26, 2009 (Doc. 2).

On August 14, 2009, Garcia filed his motion to suppress. On August 31, 2009, the United States filed its Response, wherein the United States stated:

> The government concedes that Officer Haanes committed a mistake of law in his determination that the defendant was required to stop at or before the stop signs at the unmarked intersections . . . Thus, the United States concedes that the evidence found in the car the defendant was driving and resulting from the traffic stop in this case should be suppressed.

Response at 5. During the hearing on September 8, 2009, Louis Valencia for the United States clarified: "What we're saying is, we cannot prove that there was reasonable suspicion. There might have been, but the evidence that I have seen – and that's of course the video . . . I don't think that we can prove that there was reasonable suspicion." Transcript of Hearing at 4:24-5:4 (taken September 8, 2009)(Valencia).[1]

## **ANALYSIS**

The United States Court of Appeals for the Tenth Circuit, in United States v. Valadez-Valadez, 525 F.3d 987, 991 (10th Cir. 2008), considered whether an officer's mistake of law can still provide the officer with an objectively justifiable basis for a traffic stop. The Tenth Circuit stated: "Although [a]n officer's reasonable mistake of fact, as distinguished from a mistake of law, may support the probable cause or reasonable suspicion necessary to justify a traffic stop . . . [, an officer's] failure to understand the plain and unambiguous law he is charged with enforcing . . . is not objectively reasonable." Id. at 991 (internal quotation and citation omitted). In United States v. Valadez-Valadez, an officer stopped the defendant along the highway because he was allegedly

---

[1] The Court's citation to the transcript refers to the court reporter's original, unedited version. The final transcript may contain slightly different page and/or line numbers.

obstructing traffic by traveling ten miles below the speed limit. The officer relied on New Mexico Statutes Annotated § 66-7-305A which states: "A person shall not drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation or to be in compliance with law." § 66-7-305A NMSA (1978). The Tenth Circuit found that it was unreasonable for the officer to stop the defendant's vehicle because he was driving moderately below the speed limit, and therefore held that the evidence that was seized through the traffic stop and subsequent detention of the defendant should have been suppressed. The Tenth Circuit noted that the United States "[did] not point to any law-enforcement manuals or other professional materials to support the stop." 525 F.3d at 993 (citing United States v. Manjarrez, 348 F.3d 881, 885 (10th Cir. 2003)(noting that the state-issued driver's manual directs that drivers must signal when exiting interstate).

The traffic statutes at issue in this matter are New Mexico Statutes Annotated §§ 66-7-330B and 66-7-345C NMSA (1978). Section 66-7-330B NMSA, provides:

> Except when directed to proceed by a police officer or traffic-control signal, every driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop as required by Section 66-7-345(C) NMSA (1978) and after having stopped shall yield the right-of-way to any vehicle which has entered the intersection from another highway or which is approaching so closely on the highway as to constitute an immediate hazard during the time when the driver is moving across or within the intersection.

§ 66-7-330B NMSA (1978). Section 66-7-345C NMSA, further provides:

> Except when directed to proceed by a police officer or traffic-control signal, every driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop before entering the crosswalk on the near side of the intersection or, in the event there is no crosswalk, shall stop at a clearly marked stop line, <u>but if none, then at the point nearest the intersecting roadway before entering the intersection</u>.

§ 66-7-345C NMSA (1978)(emphasis added).

Having reviewed the dash-cam video and the transcript of the state-court suppression

hearing, it is the Court's determination that Garcia did not violate §§66-7-330B and 66-7-345C NMSA (1978) and that Haanes mistakenly believed that Garcia was in violation of the traffic laws. The language of both traffic statutes is plain and unambiguous, and it was not objectively reasonable for Haanes to justify a valid traffic stop of Garcia.  See United States v. Valadez-Valadez, 525 F.3d at 991.  Though the United States did not attempt to bring any evidence of law-enforcement manuals or other professional materials to show another reasonable meaning of the statutes, the New Mexico Driver Manual, provided to drivers by the New Mexico Motor Vehicle Division, states:

> Stop Sign - A stop sign has eight sides and is red with white letters. You must come to a full stop at the stop sign or stop line, if present. You must wait until crossing vehicles and pedestrians have cleared and pull forward only when it is safe to do so.

See New Mexico Driver Manual at 7, available at www.tax.state.nm.us/mvd/mvd_home.htm (emphasis added).  Even if the Court were to use this manual, a plain reading of the statute indicates that the proper place to stop is: "at the point nearest the intersecting roadway before entering the intersection."  § 66-7-345C NMSA (1978).  Accordingly, the Manual cannot amend or change the plain meaning of the statute, which dictates what the law is.  The stop of Garcia's vehicle was therefore conducted without reasonable suspicion that a traffic violation had occurred and was in violation of the Fourth Amendment of the United States Constitution.

    **IT IS ORDERED** that the Defendant's Motion to Suppress is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregg J. Fouratt
  United States Attorney
Louis E. Valencia
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

-7-

Michael A. Keefe
  Assistant Federal Public Defender
Albuquerque, New Mexico

    *Attorney for the Defendant*